| | |
|---|---|
| RIADON JOHNSON, MARK JOHNSON,<br><br>Plaintiffs,<br><br>v.<br><br>FCA US LLC,<br><br>Defendant. | Case No.: 3:17-cv-0536-AJB-BGS<br><br>**ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR ATTORNEY'S FEES**<br>**(Doc. No. 53)** |

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Before the Court is Plaintiffs' motion for attorney's fees. (Doc. No. 53.) For the reasons stated herein, the Court **GRANTS IN PART** the motion with a reduction of fees and costs as stated below.

## I. BACKGROUND

This case arose out of the purchase of a 2012 Dodge Durango by the Plaintiffs Riadon and David Johnson. The Subject vehicle was manufactured by Defendant FCA US LLC. The Dodge Durango was sold with FCA US's basic limited warranty which covered the cost of all parts and labor needed to repair any item on the vehicle that was defective in material, workmanship or factory preparation for 3 years or 36,000 miles.

Mr. and Mrs. Johnson contended that the Durango was delivered to them containing defects covered by the warranty that substantially impaired the vehicle's use, value and safety. Plaintiffs claimed that despite numerous repair presentations to FCA US's

authorized repair facility FCA US and its authorized repair facilities were unable to repair the Durango to conform to warranty after a reasonable number of opportunities to do so. Further, FCA US failed to promptly replace or buy back the Durango in violation of the Song-Beverly Consumer Warranty Act. Plaintiffs sought a repurchase of the Dodge Durango along with statutory civil penalties based on FCA US's willful failure to promptly repurchase or replace the defective Dodge Durango. Additionally, Plaintiffs claimed that FCA US knew about alleged defects in the totally integrated power module in the 2012 Dodge Durango yet concealed this information from the Johnsons and through this concealment, committed fraudulent concealment.

Defendant contended that its dealerships repaired each mechanical complaint that the Plaintiffs brought to the attention of the dealership within a reasonable number of repair attempts. FCA US contended that it promptly offered to repurchase Plaintiffs' Dodge Durango and no civil penalty was warranted. FCA US contended that there was no known defect in the TIPM in Plaintiffs' Dodge Durango and that when FCA US discovered that the fuel pump relays in TIPMs were prematurely wearing, the company conducted an investigation and then conducted a nationwide recall to replace the fuel pump relays. All owners of the potentially affected vehicles were notified of that recall.

The parties filed a notice of joint settlement on August 20, 2018. (Doc. No. 47.) Plaintiffs filed their motion for attorneys' fees and bill of costs in January 2019. (Docs. No. 52, 53.)

## II. LEGAL STANDARDS

"In a diversity case, the law of the state in which the district court sits determines whether a party is entitled to attorney fees, and the procedure for requesting an award of attorney fees is governed by federal law. *Carnes v. Zamani*, 488 F.3d 1057, 1059 (9th Cir. 2007); *see also Mangold v. Cal. Public Utilities Comm'n*, 67 F.3d 1470, 1478 (9th Cir. 1995) (noting that in a diversity action, the Ninth Circuit "applied state law in determining not only the right to fees, but also in the method of calculating the fees").

As explained by the Supreme Court, "[u]nder the American Rule, 'the prevailing

2

3:17-cv-0536-AJB-BGS

litigant ordinarily is not entitled to collect a reasonable attorneys' fee from the loser.'" *Travelers Casualty & Surety Co. of Am. v. Pacific Gas & Electric Co.*, 549 U.S. 443, 448 (2007) (quoting *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, a statute allocating fees to a prevailing party can overcome this general rule. *Id.* (citing *Fleischmann Distilling Corp. v. Maier Brewing Co.*, 386 U.S. 714, 717 (1967)). Under California's Song-Beverly Act, a prevailing buyer is entitled "to recover as part of the judgment a sum equal to the aggregate amount of costs and expenses, including attorney's fees based on actual time expended, determined by the court to have been reasonably incurred by the buyer in connection with the commencement and prosecution of such action." Cal. Civ. Code § 794(d).

The Song-Beverly Act "requires the trial court to make an initial determination of the actual time expended; and then to ascertain whether under all the circumstances of the case the amount of actual time expended, and the monetary charge being made for the time expended are reasonable." *Nightingale v. Hyundai Motor America*, 31 Cal. App. 4th 99, 104 (1994). The court may consider "factors such as the complexity of the case and procedural demands, the skill exhibited, and the results achieved." *Id.* If the court finds the time expended or fee request "is not reasonable under all the circumstances, then the court must take this into account and award attorney fees in a lesser amount." *Id.* "A prevailing buyer has the burden of showing that the fees incurred were 'allowable,' were 'reasonably necessary to the conduct of the litigation,' and were 'reasonable in amount.'" *Id.* (quoting *Levy v. Toyota Motor Sales, U.S.A., Inc.*, 4 Cal. App. 4th 807, 816 (1992)); *see also Goglin v. BMW of North America, LLC*, 4 Cal. App. 5th 462, 470 (2016) (same).

If a fee request is opposed, "[g]eneral arguments that fees claimed are excessive, duplicative, or unrelated do not suffice." *Premier Med. Mgmt. Sys. v. Cal. Ins. Guarantee Assoc.*, 163 Cal. App. 4th at 550, 564 (2008). Rather, the opposing party has the burden to demonstrate the hours spent are duplicative or excessive. *Id.* at 562, 564; *see also Gorman v. Tassajara Dev. Corp.*, 178 Cal. App. 4th 44, 101 (2009) ("[t]he party opposing the fee award can be expected to identify the particular charges it considers objectionable").

# III.  DISCUSSION

As prevailing buyers, Plaintiffs are entitled to an award of fees and costs under the Song-Beverly Act. *See* Cal. Civ. Code § 1794(d); *see also Goglin*, 4 Cal. App. 5th at 470. Here, Plaintiffs seek: (1) an award of attorneys' fees under Cal. Civ. Code § 1794(d) under the lodestar method for $46,382.50; (2) for a lodestar modifier of .5 under California law for $23,191.25; and (3) actual costs and expenses for $21,489.12. (Doc. No. 53-1 at 8–10.) Thus, Plaintiffs seek a total award of $91,062.87. (*Id.* at 9.) Defendant acknowledges, "Plaintiffs are entitled to recover attorney's fees, costs" but argues the amount requested is unreasonable. (Doc. No. 59 at 7.)

## A.  Fee Request

Plaintiffs seek $29,370.00 for work completed by Knight Law Group and $17,012.50 for work completed by Hackler Daghighian Martino & Novak, P.C. ("HDMN"). (Doc. No. 53-1 at 14.) This totals $46,382.50.

### 1.  *Hours Worked by Counsel*

A fee applicant must provide time records documenting the tasks completed and the amount of time spent. *Hensley v. Eckerhart*, 461 U.S. 424, 424 (1983); *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 945–46 (9th Cir. 2007). Under California law, a court "must carefully review attorney documentation of hours expended" to determine whether the time reported was reasonable. *Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (quoting *Serrano v. Priest*, 20 Cal.3d 25, 48 (1977)). Thus, evidence provided by the fee applicant "should allow the court to consider whether the case was overstaffed, how much time the attorneys spent on particular claims, and whether the hours were reasonably expended." *Christian Research Inst. v. Alnor*, 165 Cal. App. 4th 1315, 1320 (2008). The court must exclude "duplicative or excessive" time from its fee award. *Graciano v. Robinson Ford Sales, Inc.*, 144 Cal. App. 4th 140, 161 (2006); *see also Ketchum*, 24 Cal. 4th at 1132 ("inefficient or duplicative efforts [are] not subject to compensation").

The billing records Knight Law Group submitted indicate the attorneys expended 82.9 billable hours through the settlement. (Doc. No. 53-2 at 33.) Defendant objects to the

reported hours arguing there was duplication by HDMN, as well as other excessive rates or time billed. (Doc. No. 59 at 8–9.) Defendant lists 15 examples where billing entries were excessive or included clerical work.

These include billing: (1) $1,750 for 5 hours drafting the same discovery requests they do in every lemon law case; (2) $825 for 2.2 hours attending a telephonic CMC and drafting the results; (3) $55 to review a notice of change of address; (4) $3,450 for 11.5 hours traveling and defendant taking Plaintiff's depositions, which Defendant claims took less than five hours to complete; (5) $3,000 for 10 hours to travel and attend a vehicle inspection and drafting a summary, which normally take less than four hours to complete; (6) $725 for a paralegal to do 1.5 hours of clerical tasks, which was billed at the partner rate; (7) $37.50 for 30 minutes spent on calendaring; (8) $112.50 to arrange trial exhibits in a folder and number them; (9) $225 for one hour extracting and organizing documents; (10) $112.5 for 30 minutes adding repair invoices to a file; (11) $56.25 to revise exhibit numbers; (12) $56.25 to draft proofs of service; (13) $56.25 to review a notice of hearing; (14) $6,252.50 for bringing a motion for attorney's fees, which is a template-driven motion. (Doc. No. 59 at 9–11.)

The Court agrees with Defendant. Clerical tasks cannot be recovered. *See Castillo-Antionio v. Iqbal*, 2017 WL 1113300, at *7 (N.D. Cal. Mar. 24, 2017). Thus, the Court strikes contested entries 3, 6, 7, 8, 9, 10, 11, 12, and 13 for a total of **$1,436.25**. In its discretion, the Court also reduces the other amounts as follows: $500 for discovery requests, $400 for CMC attendance, $1,000 for depositions, $1,000 for vehicle inspection, and $2,000 for this motion. This reduces the entries by $4,900.

Additionally, the Court reduced Daghighian's hours by 6.00 because the Court vacated the hearing.

### 2. *Hourly Rates*

Defendant argues the hourly rates of Alastair Hamblin, Amy Morse, Kristina Stephenson-Cheang, Michelle Lumasag, Raymond Areshenko, Russell Higgins, Larry Castruita, Asa Eaton, Kevin Yaghoubzadeh, Matthew Evans, and paralegal Andrea Plata

are unsupported by competent evidence. (Doc. No. 59 at 11.) However, in Steve Mikhov's declaration, he provides a basis for Hamblin, Morse, Stephenson-Cheang, Lumasag, Areshenko, and Higgins. (Doc. No. 53-2 at 6–7.) Sepehr Daghighian's declaration provides support for the rest. (Doc. No. 53-3 at 35.) The Court finds the rates cited for all attorneys are supported and reasonable for the area.

### 3. *Lodestar Calculation*

The lodestar method calculates attorney fees by "by multiplying the number of hours reasonably expended by counsel on the particular matter times a reasonable hourly rate." *Florida*, 915 F.2d at 545 n.3 (citing *Hensley*, 461 U.S. at 433); *see also Laffitte v. Robert Half Int'l Inc.*, 1 Cal. 5th 480, 489 (2016).

| LAW FIRM | LEGAL PROFRESSIONAL | HOURS | RATE | LODESTAR |
|---|---|---|---|---|
| **Knight Law Group** | Steve Mikhov | 11.40 | $550 | $6,270.00 |
| | Alastair Hamblin | 20.50 | $325 | $6,597.50 |
| | Amy Morse | 9.20 | $350 | $3,220.00 |
| | Kristina Stephenson-Cheang, | 10.10 | $375 | $3,787.50 |
| | Michelle Lumasag | 4.50 | $200 | $ 900.00 |
| | Raymond Areshenko | 24.90 | $300 | $7,470.00 |
| | Russell Higgins | 2.50 | $450 | $1,125.00 |
| | | | | |
| **HDMN** | Sepehr Daghighian | 5.00 | $490 | $2,450.00 |
| | Larry Castruita | 12.00 | $350 | $4,200.00 |
| | Asa Eaton | 14.50 | $225 | $3,262.50 |
| | Kevin Yaghoubzadeh | 13.25 | $250 | $3,312.50 |
| | Andrea Plata | 2.00 | $75 | $ 150.00 |
| | Erik Schmitt | 1.00 | $250 | $ 250.00 |
| | Lauren C. Martin | 0.50 | $250 | $ 125.00 |
| | | | | |
| **TOTAL** | | | | **$43,120** |

Here, with no adjustments to rates, that amount is: $43,120.00. Minus the previous reductions, $1,436.25 and $4,900 for clerical tasks and excessive billing, brings Plaintiffs'

6

attorney fees total to: **$36,783.75**.

### 4. *Application of a Multiplier*

Once a court has calculated the lodestar, "it may increase or decrease that amount by applying a positive or negative 'multiplier' to take into account a variety of other factors, including the quality of the representation, the novelty and complexity of the issues, the results obtained, and the contingent risk presented." *Laffitte,* 1 Cal. 5th at 504 (citation omitted); *see also Ketchum v. Moses*, 24 Cal. 4th 1122, 1132 (2001) (indicating the court may adjust the fee award considering "the following factors: (1) the novelty and difficulty of the questions involved, (2) the skill displayed in presenting them, (3) the extent to which the nature of the litigation precluded other employment by the attorneys, (4) the contingent nature of the fee award").

Significantly, however, this case did not present novel or difficult questions of law or fact. Indeed, the issues related to the TIPM were addressed in *Velasco, et al. v. Chrysler Group LLC*, Case No. 2:13–cv–08080–DDP–VBK and *Hall v. FCA US LLC*, Case No. 1:16-cv-0684-JLT. Thus, the issues presented in this action were not complex. *See Steel v. GMC,* 912 F. Supp. 724, 746 (N.J. Dist. 1995) ("the issues in lemon law litigation are not complex and do not require a significant amount of legal analysis or novel pleading"). Defendant observes that the case was not novel, not difficult, and that no special skill was required to handle the case. (Doc. No. 59 at 15–16.) Plaintiffs contend to the contrary, arguing that 13 attorneys expended around 130 hours of work that was necessary. Finally, the Court finds the contingent nature of the fee award is outweighed by the other factors, particularly in this action where the disputed facts and issues to be resolved were minimal. Accordingly, the Court finds the lodestar amount of **$36,783.75** is reasonable and declines to award a multiplier.

### B. Costs to be Awarded

Plaintiffs request costs in the amount of $21,489.12. (Doc. No. 52 at 1.) In general, an award of costs in federal district court is governed by Federal Rule of Civil Procedure 54(d) and not applicable state law, even in diversity cases. See *Champion Produce, Inc. v.*

*Ruby Robinson Co., Inc*., 342 F.3d 1016, 1022 (9th Cir. 2003) (citing *In re Merrill Lynch Relocation Mgmt., Inc.,* 812 F.2d 1116, 1120 n. 2 (9th Cir. 1987)). This is because "federal courts sitting in diversity apply state substantive law and federal procedural law." *Feldman v. Allstate Ins. Co.,* 322 F.3d 660, 666 (9th Cir. 2003) (citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78, 58 S.Ct. 817, 82 L.Ed. 1188 (1938) ). Thus, federal procedural law governs a request for an award of costs.

Rule 54 of the Federal Rules of Civil Procedure provides that costs "should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). This "creates a presumption in favor of awarding costs to the prevailing party, but the district court may refuse to award costs within its discretion." *Champion Produce*, 342 F.3d at 1022. "[A] district court need not give affirmative reasons for awarding costs; instead, it need only find that the reasons for denying costs are not sufficiently persuasive to overcome the presumption in favor of an award." *Save Our Valley v. Sound Transit*, 335 F.3d 932, 945 (9th Cir. 2003). For example, costs may be declined in light of "a losing party's limited financial resources" or where there has been "misconduct by the prevailing party." *Champion Produce*, 342 F.3d at 1022.

The Supreme Court explained that 28 U.S.C. § 1920 "defines the term 'costs' as used in Rule 54(d)." *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441 (1987). Costs that may be taxed under 28 U.S.C. § 1920 include:

(1) Fees of the clerk and marshal;

(2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

(3) Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;

(5) Docket fees under section 1923 of this title;

(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of

8

this title.

Generally, the court may not award costs under Rule 54(d) that are not authorized by statute or court rule. *Arlington Cent. School Dist. Bd. of Educ. v. Murphy*, 548 U.S. 291, 301 (2006). Thus, "costs almost always amount to less than the successful litigant's total expenses in connection with a lawsuit." *Taniguchi v. Kan Pac. Saipan, Ltd.*, 566 U.S. 560, 573 (2012) (citing 10 Wright & Miller § 2666, at 203).

### 1. *Personal Service*

Under Local Rule 54.1(b), a party may recover "fees for service of process." Requests for costs that exceed these amounts may be reduced to align with the amount authorized by Section 0.114(a). *See Yeager v. Bowlin*, 2010 WL 716389 at *2 (E.D. Cal. Feb. 26, 2010).

As to Plaintiffs' fees for service of summons, Plaintiffs charge $907.85. (Doc. No. 52 at 3.) This includes eight $110 invoices for service on Chrysler. (*Id.*) Defendant argues this is excessive as the "personal service of the deposition subpoenas all occurred at the same location and therefore should not be billed separately for each one." (Doc. No. 57 at 4.) The Court agrees this practice was unnecessary and unreasonable. Accordingly, the Court reduces personal service fees by $780.00.

### 2. *Deposition Costs*

Defendant argues the requested $2,613.00 should be reduced by $68.73 for failure to attach receipts of parking or meals. (Doc. No. 57 at 5.) Local Rule 54.1(a) requires "copies of invoices for requested costs." As such, the Court agrees and reduces accordingly.

### 3. *Expert Witness Fees*

Plaintiffs seek $17,115.61 in expert witness fees. (Doc. No. 52 at 4.) Plaintiffs assert such costs are appropriate under state law, noting: "Under the Song–Beverly Act, a prevailing buyer shall be allowed to recover as part of the judgment a sum equal to the aggregate amount of costs <u>and expenses</u>." (Doc. No. 53-1 at 23 (emphasis in original).)

Significantly, the Ninth Circuit determined a court must apply federal law to a

request for costs in a diversity action. *See Aceves v. Allstate Ins. Co.*, 68 F.3d 1160 (9th Cir. 1995). The Court in *Aceves* awarded the prevailing party costs, including expert witness fees, under section 998(c) of the California Code of Civil Procedure. *Id.*, 68 F.3d at 1167. The Ninth Circuit determined the district court erred in applying California law because "reimbursement of witness fees is an issue of trial procedure" and in a diversity action, "federal law controls the procedure by which the district court oversaw the litigation." *Id.*, citing *Hanna v. Plumer*, 380 U.S. 460, 463 (1965). Accordingly, here, the Court must apply federal law to determine whether Plaintiffs are entitled to recover expert fees as costs.

Under Section 1920, only compensation for "court appointed experts" and witness fees are permitted. See 28 U.S.C. § 1920. Neither of Plaintiffs' witnesses were appointed by the Court. As such, Plaintiffs are not entitled to recover the expert fees under Section 1920. On the other hand, 28 U.S.C. § 1821 provides that "[a] witness shall be paid an attendance fee of $40 per day for each day's attendance," including testimony at a deposition. Thus, a prevailing party may be awarded the witness fee under Section 1821 for an expert who testifies at a deposition. *See Ruff v. County of Kings*, 700 F. Supp. 2d 1245, 1247–48 (E.D. Cal. 2010). Consequently, Plaintiffs are entitled to $40 in costs for Micale's deposition. The Court finds no issue with the rest of Plaintiffs' costs. After reductions, the total Costs awarded is: **$3,564.78** in costs under federal law, as provided under 28 U.S.C. §§ 1821 and 1920.

## IV. CONCLUSION

Based upon the foregoing, the Court **ORDERS**:

1. Plaintiffs' motion for fees is **GRANTED** in the modified amount of **$36,783.75**; and
2. Plaintiffs' motion for costs is **GRANTED** in the amount of **$3,564.78**.

**IT IS SO ORDERED.**

Dated: August 16, 2019

Hon. Anthony J. Battaglia
United States District Judge